

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

Civil Action, File Number _____

| | | |
|---|---|---|
| James Vitello, | * | |
| *D/B/A* Caution Brand Apparel | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | **COMPLAINT AND JURY DEMAND** |
| v. | * | |
| | * | 3:09cv654 (RLW) |
| Nike Retail Services, Inc., *and* | * | |
| Nike, Inc., *and* | * | |
| Kohl's Department Stores, Inc., *and* | * | |
| Chuck Norris Enterprises, LLC | * | |
| | * | |
| *Defendants.* | * | |

## COMPLAINT FOR INFRINGEMENT OF REGISTERED TRADEMARK

### Introduction

(1)   This is a Complaint for infringement of the registered trademarks of James Vitello. Allegations made on belief are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

### The Parties

(2)   The Plaintiff, James Vitello (hereinafter "Vitello"), sells apparel under the fictitious name Caution Brand Apparel. Caution Brand Apparel is a fictitious name registered under the laws of the State of California.

(3)   Nike, Inc., and Nike Retail Services, Inc., (hereinafter collectively "Nike") are corporations organized and existing under the laws of the State of Oregon. Nike Retail Services,

Inc. is registered with the Virginia State Corporation Commission to do business within the Commonwealth of Virginia.

(4)    Kohl's Department Stores, Inc. (Kohl's) is a corporation of the State of Delaware. Kohl's is registered with the Virginia State Corporation Commission to do business within the Commonwealth of Virginia.

(5)  ·  Chuck Norris Enterprises, LLC (hereinafter "Norris") is a limited liability company organized under the laws of the State of Texas.

## Nature of the Action

(6)    This is an action pursuant to various trademark statutes and common law rights, based on the Defendants' adoption and use of the trademark "CAUTION!" or the confusingly similar trademark "CAUTION", in violation Vitello's established rights in United States Trademark Registration 2,195,828 (Exhibit 1), and including:

(a)    Federal trademark infringement and false designation of origin under the Trademark Act of 1946, as amended;

(b)    State trademark violations under Chapter 6.1, Registration and Protection of Trademarks and Service Marks (Section 59.1-92.1 *et seq.* of the Code of Virginia);

(c)    Federal trademark dilution under the Trademark Dilution Revision Act of 2006, (The Lanham Act, 15 U.S.C. § 1051 *et seq.*);

(d)    False designation of origin under 15 U.S.C. § 1125(A);

(e)    Unfair trade practices under Chapter 17, the Virginia Consumer Protection Act (Code of Virginia § 59.1-196 *et seq.*);

(f)    Unfair competition under the common law of the Commonwealth of Virginia.

## Subject Matter Jurisdiction

(7)     This Court has subject matter jurisdiction over the federal claims pursuant to the Federal Trademark Act (15 U.S.C. § 1121), 28 U.S.C. § 1331, and 28 U.S.C. §1338 (acts of Congress relating to trademarks).

(8)     This Court has supplemental jurisdiction of state law claims under 28 U.S.C. § 1367. All state law claims arise from the same operative nucleus of facts.

## Personal Jurisdiction-Defendant Nike

(9)     This Court has personal jurisdiction over Nike because the items sold by Nike have been advertised and substantial numbers of the items have been made available for distribution within the Eastern District of Virginia. Nike also maintains corporate registration to transact business within the Commonwealth of Virginia, thereby purposefully directing activities towards the Eastern District of Virginia. Nike as such is a citizen of Virginia. Because Nike distributes a substantial quantity of infringing products on an ongoing basis, purposefully directed at the Eastern District of Virginia, and this activity is the proximate and actual cause of damages to Vitello, this Court is conferred *in personam* jurisdiction over Nike pursuant to the Virginia Long Arm Statute, Va. Code § 8.01-328.1.

## Personal Jurisdiction-Defendant Kohl's

(10)    This Court has personal jurisdiction over Kohl's because the items sold by Kohl's have been advertised and substantial numbers of the items have been made available for distribution

within the Eastern District of Virginia, over the internet and through Kohl's retail outlets within Virginia. Kohl's also maintains corporate registration to transact business within the Commonwealth of Virginia, thereby purposefully directing activities towards the Eastern District of Virginia. As such, Kohl's is a citizen of Virginia. Because Kohl's distributes a substantial quantity of infringing products on an ongoing basis, purposefully directed at the Eastern District of Virginia, and this activity is the proximate and actual cause of damages to Vitello, this Court is conferred *in personam* jurisdiction over Kohl's pursuant to the Virginia Long Arm Statute, Va. Code § 8.01-328.1.

## Personal Jurisdiction-Defendant Norris

(11)    This Court has personal jurisdiction over Norris because Norris sold items in substantial numbers to the Defendant Kohl's; these products were for sale within the Eastern District of Virginia. Because these products have entered the Eastern District of Virginia, and this activity is the proximate and actual cause of damages to Vitello, this Court is conferred *in personam* jurisdiction over Norris pursuant to the Virginia Long Arm Statute, Va. Code § 8.01-328.1.

## Venue-Defendant Nike

(12)    Venue in this District is proper pursuant to 28 U.S.C. §§1391(b) and (c) because Nike is transacting business within this district, via the internet. Their website distributed the items at bar, for shipment within the Eastern District of Virginia. Additionally, Nike maintains a corporate registration to transact business within the Commonwealth of Virginia, and is therefore a citizen of Virginia.

### Venue-Defendant Kohl's

(13)    Venue in this District is proper pursuant to 28 U.S.C. §§ 1391 (b) and (c) because Kohl's is transacting business within this district, via the internet. Their website distributed the items at bar, for shipment within the Eastern District of Virginia. Additionally, Kohl's maintains a corporate registration to transact business within the Commonwealth of Virginia, is therefore a citizen of Virginia, and operates retail outlets throughout the Commonwealth of Virginia.

### Venue-Defendant Norris

(14)    Venue in this District is proper pursuant to 28 U.S.C § 1391 because Norris, through Defendant Kohl's, and others including but not limited to *E-bay*, distributes items that display insignia that infringe Vitello's trademark, within the Eastern District of Virginia.

### Factual Allegations Common to All Counts

(15)    Vitello is the owner of United States Registration Number 2,195,828, "CAUTION!", a typed drawing mark with no claim to a specific font. (Exhibit 1). The mark was registered on October 13, 1998 in International Class 025, Men's and Women's Clothing. This registration is now valid, subsisting, uncancelled, incontestable, and unrevoked.

(16)    Continuously since December, 1996, Vitello has used its mark "CAUTION!" in connection with and to identify its shirts, including shirts commonly called "tee-shirts". The purpose of attaching the mark was to distinguish their products from similar products offered by other companies, by, and without limitation, prominently displaying the mark on shirts and advertising and promotional materials distributed throughout the United States.

## Factual Allegations-Defendant Nike

(17)    Nike advertised and sold substantial quantities of shirts on the internet, for shipment within the Eastern District of Virginia, with either the word "CAUTION!" or the word "CAUTION" printed on the front of the shirt. (Exhibit 2) , (Exhibit 3). (Exhibit 4).

(18)    Nike advertised and sold substantial quantities of shirts on the internet, for shipment within the Eastern District of Virginia, with the word "CAUTION" used as a source identifier for the shirts, therefore associated with the shirts. (Exhibit 5).

(19)    Nike designed, advertised, and sells substantial quantities of a shoe with the word "CAUTION" printed on the marketing titles for the shoe intended for shipment within the Eastern District of Virginia. (Exhibit 6), (Exhibit 7), (Exhibit 8) (Exhibit 9).

(20)    Nike designed, advertised, and sold substantial quantities of a shoe with the word "CAUTION" printed on the marketing title for the shoe, intended for shipment within the Eastern District of Virginia. (Exhibit 6), (Exhibit 7), (Exhibit 8). (Exhibit 9).

(21)    Nike removed the word "CAUTION" from the heel of a shoe Nike planned to market to avoid trademark infringement. (Exhibit 10).

## Factual Allegations-Defendant Kohl's

(22)    Kohl's buyers met with Vitello's licensees over the years 2004 through 2009 at Vitello's licensee's New York office, where Kohl's was offered the opportunity to purchase genuine "CAUTION!" clothing.

(23)    Kohl's buyers met with Vitello's licensees over the years 2004 through 2009 at Kohl's corporate office, where Kohl's was offered the opportunity to purchase genuine "CAUTION!"

clothing.

(25) Kohl's buyers met with Vitello's licensees over the years 2004 through 2009 at various trade shows, where Kohl's was offered the opportunity to purchase genuine "CAUTION!" clothing.

(26) Kohl's has offered for sale on their internet website tee-shirts with the logo "CAUTION" printed on the front of the shirt, purchased from Nike, for distribution within the Eastern District of Virginia. (Exhibit 11).

(27) Kohl's currently offers for sale on their internet website tee-shirts with the logo "CAUTION" printed on the front of the shirt, purchased from Nike, for distribution within the Eastern District of Virginia. (Exhibit 11).

## Factual Allegations-Defendant Norris

(28) Norris, through the Defendant Kohl's sold and continues to sell a substantial amount of shirts with the word "CAUTION" printed on the front of the shirt; and "Caution-Tee" is being used as a source identifier in the title of the shirt (Exhibit 12).

(29) Norris licenses Hybrid Promotions, LLC (hereinafter "Hybrid"), a limited liability company organized under the laws of the State of California, to manufacture or to have manufactured tee-shirts (Exhibit 13).

(30) Hybrid is a wholesale distributor of tee-shirts to Kohl's. (Exhibit 14).

## CLAIMS ENTITLED TO RELIEF

## COUNT ONE: FEDERAL TRADEMARK INFRINGEMENT-Defendant Nike

(31) Vitello realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

(32) Vitello is the owner of United States Registration Number 2,195,828, "CAUTION!", a typed drawing mark. The mark was registered on October 13, 1998 in International Class 025, Men's and Women's Clothing. This registration is now valid, subsisting, uncancelled, incontestable, and unrevoked.

(33) Continuously since December, 1996, Vitello has used its mark "CAUTION!" in connection with and to identify its shirts, including shirts commonly called "tee-shirts". The purpose of attaching the mark was to distinguish their products from similar products offered by other companies, by, and without limitation, prominently displaying the mark on shirts and advertising and promotional materials distributed throughout the United States. Vitello's products sold under the "CAUTION!" mark and brand name are provided nationwide including the Commonwealth of Virginia.

(34) In addition, as of the date of the filing of this complaint, Vitello is actively engaged in expanding its use of the mark "CAUTION!" in interstate commerce throughout the United States, including the Commonwealth of Virginia.

(35) Nike has infringed Vitello's mark in interstate commerce by various acts, including without limitation, the selling, offering for sale, promotion and advertising shirts associated with the name "CAUTION!" or the confusingly similar word "CAUTION", for distribution within the Eastern District of Virginia, of a type of shirt virtually identical to the shirts offered by Vitello.

(36)    Nike operates an internet website, prominently displaying, advertising, and promoting shirts which include the mark "CAUTION!" or the confusingly similar word "CAUTION" for distribution within the Eastern District of Virginia.

(37)    Nike's use of "CAUTION!" or the virtually identical and confusingly similar "CAUTION" in connection with shirts has been made notwithstanding Vitello's well-known and prior established rights in the trademark "CAUTION!" and with constructive notice of Vitello's federal registration rights under 15 U.S.C. § 1072.

(38)    Upon information and belief, Nike's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Vitello's business, reputation and good will in its federally registered "CAUTION!" trademark, within the Eastern District of Virginia. Plaintiff has no adequate remedy at law.

## COUNT TWO:  STATE TRADEMARK INFRINGEMENT-Defendant Nike

(39)    Vitello realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

(40)    Nike's activities described in Count One above constitute infringement of Vitello's trademark "CAUTION!" pursuant to Chapter 6.1, Registration and Protection of Trademarks and Service Marks (Section 59.1-92.12 of the Code of Virginia).

(41)    Upon information and belief, Nike's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Vitello's business, reputation and good will in its federally registered "CAUTION!" trademark, within the Eastern District of Virginia. Plaintiff has no adequate remedy at law.

## COUNT THREE:  FEDERAL TRADEMARK DILUTION-Defendant Nike

(42)  Vitello realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

(43)  Vitello's "CAUTION!" trademark constitutes a famous mark used in interstate commerce, including the Commonwealth of Virginia, which mark became famous prior to commencement of Nike's activities as alleged herein.

(44)  Upon information and belief, Nike's activities as alleged herein dilute the distinctive quality of Vitello's "CAUTION!" mark in violation of the Trademark Dilution Revision Act of 2006, (The Lanham Act, 15 U.S.C. § 1051 *et seq.*), within the Eastern District of Virginia.

(45)  Upon information and belief, Nike's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Vitello's business, reputation and good will, within the Eastern District of Virginia, in its "CAUTION!" mark. Vitello has no adequate remedy at law.

## COUNT FOUR:  FALSE DESIGNATION OF ORIGIN-Defendant Nike

(46)  Vitello realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

(47)  Upon information and belief, Nike has used the designation of "CAUTION!" or the confusingly similar designation "CAUTION" in connection with garments and shoes in interstate commerce.  This use of the designation "CAUTION!" or "CAUTION" is a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or association of Nike with Vitello and as to the origin, sponsorship, or approval of Nike's products and

commercial activities by Vitello, within the Eastern District of Virginia, pursuant to 15 U.S.C. § 1125(A).

(48)   Upon information and belief, Nike's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Vitello's business, reputation and good will in its "CAUTION!" mark, within the Eastern District of Virginia. Vitello has no adequate remedy at law.

## COUNT FIVE:  VIOLATION OF THE VIRGINIA CONSUMER PROTECTION ACT-Defendant Nike

(49)   Vitello realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

(50)   Nike's activities as stated herein, within the Eastern District of Virginia, constitute misrepresentation by Nike, in violation of the Virginia Consumer Protection Act (Virginia Code § 59.1-196 *et seq.*), that garments and shoes sold by Nike are those of Vitello.

## COUNT SIX:  COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT-Defendant Nike

(51)   Vitello realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

(52)   Nike's activities as stated herein constitute unfair competition and an infringement of Vitello's common law trademark rights in the name "CAUTION!" within the Eastern District of Virginia and in violation of Virginia Law.

(53)   Upon information and belief, Nike's wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to

Vitello's business, reputation and good will, within the Eastern District of Virginia in its 'CAUTION!" mark. Vitello has no adequate remedy at law.

## COUNT SEVEN: FEDERAL TRADEMARK INFRINGEMENT-Defendant Kohl's

(54)    Vitello realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

(55)    Kohl's has infringed Vitello's mark in interstate commerce by various acts, including without limitation, the selling, offering for sale, promotion and advertising shirts under the confusingly similar mark "CAUTION", for distribution within the Eastern District of Virginia, of a type virtually identical to the type of shirts offered by Vitello.

(56)    Kohl's operates an internet website, prominently displaying, advertising, and promoting shirts which include the confusingly similar mark "CAUTION", for distribution within the Eastern District of Virginia.

(57)    Kohl's use of "CAUTION" in connection with shirts has been made notwithstanding Vitello's well-known and prior established rights in the trademark "CAUTION!" and with constructive and actual notice of Vitello's federal registration rights under 15 U.S.C. § 1072.

(58)    Upon information and belief, Kohl's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Vitello's business, reputation and good will in its federally registered "CAUTION!" trademark, within the Eastern District of Virginia. Plaintiff has no adequate remedy at law.

## COUNT EIGHT:  STATE TRADEMARK INFRINGEMENT-Defendant Kohl's

(59)    Vitello realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

(60)    Kohl's activities described in Count Seven above constitute infringement of Vitello's trademark "CAUTION!" pursuant to Chapter 6.1, Registration and Protection of Trademarks and Service Marks (Section 59.1-92.12 of the Code of Virginia).

(61)    Upon information and belief, Kohl's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Vitello's business, reputation and good will in its federally registered "CAUTION!" trademark, within the Eastern District of Virginia.  Plaintiff has no adequate remedy at law.

## COUNT NINE:  FEDERAL TRADEMARK DILUTION-Defendant Kohl's

(62)    Vitello realleges and incorporates by reference the allegations of this Complaint as if fully stated herein.

(63)    Upon information and belief, Kohl's activities as alleged herein dilute the distinctive quality of Vitello's "CAUTION!" mark in violation of the Trademark Dilution Revision Act of 2006, (The Lanham Act, 15 U.S.C. § 1051 *et seq.*), within the Eastern District of Virginia.

(64)    Upon information and belief, Kohl's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Vitello's business, reputation and good will, within the Eastern District of Virginia, in its "CAUTION!" mark. Vitello has no adequate remedy at law.

## COUNT TEN:  FALSE DESIGNATION OF ORIGIN-Defendant Kohl's

(65)    Vitello realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

(66)    Upon information and belief, Kohl's has used the designation "CAUTION" in connection with garments in interstate commerce.  This use of the designation "CAUTION" is a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or association of Kohl's with Vitello and as to the origin, sponsorship, or approval of Kohl's products and commercial activities by Vitello, within the Eastern District of Virginia, pursuant to 15 U.S.C. § 1125(A).

(67)    Upon information and belief, Kohl's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Vitello's business, reputation and good will in its "CAUTION!" mark, within the Eastern District of Virginia. Vitello has no adequate remedy at law.

## COUNT ELEVEN:  VIOLATION OF THE VIRGINIA CONSUMER PROTECTION ACT-Defendant Kohl's

(68)    Vitello realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

(69)    Kohl's activities as stated herein, within the Eastern District of Virginia, constitute misrepresentation by Kohl's, in violation of the Virginia Consumer Protection Act (Virginia Code § 59.1-196 *et seq.*), that garments sold by Kohl's are those of Vitello.

## COUNT TWELVE:  COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT-Defendant Kohl's

(70)    Vitello realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

(71)    Kohl's activities as stated herein constitute unfair competition and an infringement of Vitello's common law trademark rights in the name "CAUTION!" within the Eastern District of Virginia and in violation of the common law of Virginia.

(72)    Upon information and belief, Kohl's wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Vitello's business, reputation and good will, within the Eastern District of Virginia in its "CAUTION!" mark.  Vitello has no adequate remedy at law.

## COUNT THIRTEEN: FEDERAL TRADEMARK INFRINGEMENT-Defendant Norris

(73)    Vitello realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

(74)    Norris has infringed Vitello's mark in interstate commerce by various acts, including without limitation, the selling, offering for sale through the Defendant Kohl's, promotion and advertising shirts under the name "CAUTION", for distribution within the Eastern District of Virginia, of a type virtually identical to the type of shirts offered by Vitello.

(75)    Norris' use of "CAUTION" in connection with shirts has been made notwithstanding Vitello's well-known and prior established rights in the trademark "CAUTION!" and with constructive notice of Vitello's federal registration rights under 15 U.S.C. § 1072.

(76)    Upon information and belief, Norris' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Vitello's business, reputation and good will in its federally registered "CAUTION!" trademark, within the Eastern District of Virginia. Plaintiff has no adequate remedy at law.

## COUNT FOURTEEN:  STATE TRADEMARK INFRINGEMENT-Defendant Norris

(77)    Vitello realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

(78)    Norris' activities described in Count Thirteen above constitute infringement of Vitello's trademark "CAUTION!" pursuant to Chapter 6.1, Registration and Protection of Trademarks and Service Marks (Section 59.1-92.12 of the Code of Virginia).

(79)    Upon information and belief, Norris' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Vitello's business, reputation and good will in its federally registered "CAUTION!" trademark, within the Eastern District of Virginia. Plaintiff has no adequate remedy at law.

## COUNT FIFTEEN:  FEDERAL TRADEMARK DILUTION-Defendant Norris

(80)    Vitello realleges and incorporates by reference the allegations of this Complaint as if fully stated herein.

(81)    Upon information and belief, Norris' activities as alleged herein dilute the distinctive quality of Vitello's "CAUTION!" mark in violation of the Trademark Dilution Revision Act of 2006, (The Lanham Act, 15 U.S.C. § 1051 *et seq.*), within the Eastern District of Virginia.

(82)   Upon information and belief, Norris' wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Vitello's business, reputation and good will, within the Eastern District of Virginia, in its "CAUTION!" mark. Vitello has no adequate remedy at law.

## COUNT SIXTEEN:  FALSE DESIGNATION OF ORIGIN-Defendant Norris

(83)   Vitello realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

(84)   Upon information and belief, Norris has used the designation of "CAUTION" in connection with garments in interstate commerce.  This use of the designation "CAUTION" is a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or association of Norris with Vitello and as to the origin, sponsorship, or approval of Norris' products and commercial activities by Vitello, within the Eastern District of Virginia, pursuant to 15 U.S.C. § 1125(A).

(85)   Upon information and belief, Norris' wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Vitello's business, reputation and good will in its "CAUTION!" mark, within the Eastern District of Virginia. Vitello has no adequate remedy at law.

## COUNT SEVENTEEN:  VIOLATION OF THE VIRGINIA CONSUMER PROTECTION ACT-Defendant Norris

(86)   Vitello realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

(87)    Norris' activities as stated herein, within the Eastern District of Virginia, constitute misrepresentation by Norris, in violation of the Virginia Consumer Protection Act (Virginia Code § 59.1-196 *et seq.*), that garments sold by Norris, are those of Vitello.

## COUNT EIGHTEEN:  COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT-Defendant Norris

(88)    Vitello realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

(89)    Norris activities as stated herein constitute unfair competition and an infringement of Vitello's common law trademark rights in the name "CAUTION!" within the Eastern District of Virginia and in violation of the common law of Virginia.

(90)    Upon information and belief, Norris' wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Vitello's business, reputation and good will, within the Eastern District of Virginia in its 'CAUTION!" mark.  Vitello has no adequate remedy at law.

**RELIEF REQUESTED**

(A)    That a preliminary and permanent injunction issue restraining the Defendants, their agents, servants, employees, successors and assigns and all others in concert and privity with them from using, or licensing for others to use, the name "CAUTION!", or the confusingly similar word "CAUTION", in connection with the offering of clothing and shoes, from infringement of United States Trademark Registration Number 2,195,828, from unfairly competing with Vitello, from engaging in unfair and deceptive trade practices and from injuring Vitello's business reputation and diluting its trademark rights, pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1116), Chapter 6.1, Registration and Protection of Trademarks and Service Marks (Section 59.1-92.13 of the Code of Virginia), Chapter 17, The Virginia Consumer Protection Act (Section 59.1-203 of the Code of Virginia) and the equitable power of this Court to enforce the common law of the Commonwealth of Virginia.

(B)    That the Defendants be required to account to Vitello for the Defendants' profits and the actual damages suffered by Vitello as a result of the Defendants' acts of infringement, false designation of origin, unfair competition, and unfair and deceptive trade practices, together with interest, and that Vitello's recovery be trebled, pursuant to Section 35 of the Lanhan Act (15 U.S.C. § 117), Chapter 6.1, Registration and Protection of Trademarks and Service Marks (Section 59.1-92.13 of the Code of Virginia), and Chapter 17, The Virginia Consumer Protection Act (Section 59.1-201 of the Code of Virginia) and the equitable power of this Court to enforce the common law of the Commonwealth of Virginia.

(C)    That the Defendants be ordered to surrender for destruction all nameplates, labels, advertisements, and other materials incorporating or reproducing the infringing "CAUTION!"

trademark, or the confusingly similar word "CAUTION", pursuant to Section 36 of the Lanham Act (15 U.S.C § 1118), Chapter 6.1, Registration and Protection of Trademarks and Service Marks (Section 59.1-92.13 of the Code of Virginia), Chapter 17, The Virginia Consumer Protection Act (Section 59.1-202 of the Code of Virginia) and the equitable power of this Court to enforce the common law of the Commonwealth of Virginia.

(D)    That the Defendants be compelled to pay Vitello's attorney's fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117) Chapter 6.1, Registration and Protection of Trademarks and Service Marks (Section 59.1-92.13 of the Code of Virginia) and Chapter 17, the Virginia Consumer Protection Act (Section 59.1-202 of the Code of Virginia).

(E)    That the Defendants be compelled to pay Vitello punitive damages pursuant to state law because their actions are wontonly, willfully and intentionally disregardful of Vitello's rights.

(F)    For such other and further relief as may be just and equitable.

(G)    For such other and further relief as may be just and equitable.

(H)    Vitello requests a jury trial.

Respectfully Submitted,

Thomas J. Wallen, P.E., Esq.

Thomas J. Wallen, Esq.  VSB 66,050
Thomas J. Wallen, P.E.,
Attorney at Law, L.L.C.
Attorney for Vitello
tjwallen@thomasjwallen.com
P.O. Box 114
Goldvein, Virginia 22720
Phone (540) 429-3781
Fax (540) 286-2745